UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Pedro Alvarez, Jr. | : |
| | : |
| v. | : |
| | : |
| Town of Burrillville; Col. Stephen C. Lynch of the Burrillville Police Department. | : |
| | : |

**COMPLAINT**

**Parties**

1. Plaintiff Pedro Alvarez Jr. ("Mr. Alvarez, Jr.") is a natural person at all times relevant to this complaint having resided at 98 Kennedy Lane, Harrisville Rhode Island 02830.

2. Defendant Town of Burrillville is a duly organized Municipal Corporation organized under the Law of the State of Rhode Island and Providence Plantations.

3. Defendant Col. Stephen J. Lynch ("Col. Lynch"), is the Chief of Police of the Town of Burrillville, County of Providence, in the State of Rhode Island located at Burrillville Police Department, 1477 Victory Highway, Oakland, RI 02858.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1367, 28 U.S.C. §§ 1331, 1343, 1367, 2201, 2202 and 42 U.S.C. §§ 1983, 1988 as the matters pled herein involve federal and state constitutional and civil rights claims.

5. Venue is proper in this Court under 28 U.S.C. § 1391 as the substantial part of the events giving rise to the allegations contained in this complaint occurred within the territorial bounds of this Judicial District and all parties hereto are residents of this Judicial District.

FACTS

6. Rhode Island General Laws § 11-47-11(a) provides in pertinent part:

> The licensing authorities of any city or town shall, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within the city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed . . ."

7. Col. Lynch is the Licensing Authority for the issuance of concealed weapons licenses and permits the Town of Burrillville under R.I. Gen. Laws § 11-47-2(5).

8. On January 25th, 2017, after Plaintiff had completed all legally required prerequisites including a complete and truthful application and background check, Colonel Stephen J. Lynch of the Burrillville Police Department issued Plaintiff a concealed carry permit.

9. On June 8, 2018 Plaintiff was informed by Lt. Pitts of the Burrillville Police Department that his permit was revoked. Lt. Pitts told Plaintiff that his permit was being revoked because the Department had determined that he had an "affiliation" with a biker gang. Plaintiff was told that they had "already made the decision" to revoke his permit and that he would not be afforded a hearing.

10. On June 12, 2018, Plaintiff was sent a letter from Col. Lynch alleging that photographs on my Facebook page showed him "socializing and being in close company with the leader of, and officers of" the "Thug Riders and Pagan Motorcycle gangs." Though his legal counsel requested copies of any findings, evidence, and or documentation supporting the revocation, Plaintiff has not received copies of any of the photographs in question.

11. Plaintiff is not now, nor has he ever been a member, affiliate, initiate, or associate of any "biker" or "motorcycle gang," or any other criminal enterprise including, but not limited to the, so called, "Thug Riders" or "Pagan" Motorcycle gang.

12. Plaintiff has never been charged with or convicted of any criminal offenses.

13. At the time of the revocation, Plaintiff was a United States Army recruit, and scheduled to attend basic training beginning on or about February 20, 2019 and thereafter scheduled to attend specialty school to become a Military Police Officer.

14. Plaintiff is currently a Military Police Officer in the Rhode Island National Guard.

15. Plaintiff is a suitable person for a concealed carry permit pursuant to G.L. § 11-47-11(a).

16. Plaintiff has proper purposes of self-defense, firearms collecting, and increased employment opportunities for possession of a concealed carry permit under G.L. § 11-47-11(a).

17. The Plaintiff has a protected property and liberty interest his concealed carry permit.

18. Among other injuries, revocation of a concealed carry permit limits Plaintiff's ability to obtain employment, security clearances, and otherwise limits his ability to pursue a career

in law enforcement and/or security; to defend himself outside his home should the need ever arise; and to collect firearms.

## Count I - Second Amendment Violation

19. The Plaintiff incorporates the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

21. The Second Amendment to the United States Constitution "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

22. If a state or municipality requires its citizens to obtain licenses or registrations in order to possess handguns, then it may not refuse to issue, nor revoke, the requisite licenses and registrations to people who are otherwise qualified. See Heller, 554 U.S. at 635 ("Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home.").

23. Plaintiff is a law abiding individual, competent in the safe handling of weapons. Plaintiff has also possessed a concealed carry permit, without incident. Accordingly, there exists no reason to revoke or deny Plaintiff's continued permit.

24. By revoking Plaintiff's concealed carry permit Defendants unjustifiably burden Plaintiff's exercise of his fundamental right to keep and bear arms in violation of the rights secured

by Article 1, Section 22 of the Constitution of the State of Rhode Island and Providence Plantations, the Second Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### Count II - Procedural Due Process Violations

25. The Plaintiff incorporates the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26. The Fourteenth Amendment provides in pertinent part "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of theUnited States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

27. Defendants, their employees and agents, owed Plaintiff a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

28. Plaintiff was entitled to, inter alia, pre-revocation notice of Col. Lynch's intent to revoke his permit, copies of any alleged evidence justifying his permit's revocation, and a meaningful opportunity to be heard prior to any such revocation.

29. The Defendants did not provide Plaintiff with notice of Col. Lynch's intent to revoke his concealed carry permit.

30. Subsequent to the revocation, Plaintiff was also entitled to a fair opportunity to be heard to contest the revocation of his permit. Defendants refused to provide Plaintiff with a fair and meaningful opportunity to be heard in order to contest his permit revocation.

31. Upon information and belief, the acts of the Defendants, their employees and agents were intentional in failing to protect and preserve Plaintiff's property and liberty interest and that, at a minimum, Defendants were deliberate in depriving Plaintiff of his property without due process. Any process employed by the Defendants was constitutionally inadequate.

32. The Defendants thereby violated the Plaintiffs' rights to procedural due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section II of the Constitution of the State of Rhode Island and Providence Plantations, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

**Count III -  Substantive Due Process Violations**

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. The rights secured by the First, Second, and Fifth Amendments to the United States Constitution are fundamental rights, necessary to the scheme of ordered liberty guaranteed by the Constitution.

35. By acting in the manner detailed, Defendants violated the Plaintiffs' rights to substantive due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section II of the Constitution of the State of Rhode Island and Providence Plantations, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

### Count IV - Conspiracy to Interfere with Civil Rights

36. Plaintiff incorporates the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. In undertaking the above conduct, two or more of the defendants in their individual or public capacities engaged in a conspiracy to interfere with Plaintiffs' civil rights in violation of 42 USC § 1985(3) and/or knowing of said conspiracy neglected to take such action as was within their authority and control to prevent the wrongs outlined above in violation of 42 USC § 1986.

### Count V - First Amendment Violation

38. The Plaintiffs incorporate the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

39. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

40. Among the fundamental rights protected by the First Amendment is the right to freedom of association.

41. By revoking Plaintiff's concealed carry permit because plaintiff allegedly appeared in photographs in which alleged members of a "Biker" or "Motorcycle Gang" also appear, Defendants impermissibly and unconstitutionaly burden Plaintiff's statutory and

constitutional carry rights in violation of the First Amendment's right to freedom of association.

### Count VI  - Takings

42. The Plaintiffs incorporate the allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

43. By improperly revoking Plaintiff's Concealed Carry Permit, Col. Lynch did effectuate a taking without just compensation of the property of Plaintiff in violation of the takings clause of the Fifth Amendment to the United States Constitution which provides that property shall not be taken without just compensation and of Article I, Section 16 of the Constitution of the State of Rhode Island and Providence Plantations.

### Count VII - Injunctive Relief

44. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

45. There is no plain, adequate or complete remedy at law to address the wrongs described herein. Thus, unless restrained by this Court, Defendants will continue to engage in the depravation of Plaintiff's Constitutionally protected rights.

46. An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein. Plaintiff claims that the acts are contrary to law and seeks a declaration of his rights with regard to this controversy. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and will continue to suffer damages through injury and deprivation of rights.

47. By maintaining and enforcing the deprivation of Plaintiff's lawfully obtained permit, Defendants are propagating policies and practices that violate the Second Amendment of the United States Constitution as well as Article I Section 2 of the Rhode Island Constitution, and thereby damaging Plaintiff in violation of 42 U.S.C. Section 1983. Plaintiff is therefore entitled to permanent injunctive relief against such policies and practices.

WHEREFORE,

Plaintiff prays for relief as follows:

a. Damages;

b. A judgment declaring that the revocation of the Plaintiff's Concealed Carry Permit was unlawful and in violation of the above listed statutory and constitutional provisions;

c. Reinstatement of the Plaintiff's Concealed Carry Permit and removal of any indication from Plaintiff's file that his concealed carry permit was ever revoked;

d. Punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiff and other lawful possessors of such license.

e. Costs, pre and post judgment interest, and fees; and

f. Such other and further relief as this Court may deem equitable and just.

Plaintiff Pedro Alvarez, Jr.,   Dated: July 22, 2019
By and through his legal counsel,

s/Matthew L. Fabisch, Esq.
Matthew L. Fabisch, Esq. (#8017)
Cooperating Attorney
Stephen Hopkins Center for Civil Rights
FABISCH LAW OFFICES

4474 Post Road
East Greenwich, RI 02818
Tel. 401-324-9344
Fax 401-354-7883
Fabisch@Fabischlaw.com